**EXHIBIT 1**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiffs Darren Barcomb, David Setters, Charise Carson, Jaynae Cole, Joshua Davis, Raven Harden, and Michael Broadus (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated ("Class Members"), and Defendant Tracfone Wireless, Inc. ("TracFone" or "Defendant"), on behalf of itself and its parents, affiliates and subsidiaries (all parties collectively referred to as the "Parties").

## RECITALS

**WHEREAS**, Plaintiffs in *Barcomb, et al. v. Tracfone Wireless, Inc.*, Case No. 1:22-cv-20124-CMA, Southern District of Florida, Miami Division, re-filed as *Barcomb, et al. v. TracFone Wireless, Inc.*, Case No. 1:24-cv-08710-NRB, Southern District of New York (the "Actions") filed the Actions alleging that in or before December 2021 up through the first quarter of 2022, hackers gained access to the personally identifiable information and customer proprietary network information ("CPNI") of thousands of customers who had purchased wireless services from the TracFone brands Straight Talk Wireless, Simple Mobile, Net1 0 Wireless, Walmart Family Mobile, and/or Total Wireless, and Defendant failed to adequately safeguard its current and former customers' electronically stored private information, which resulted in instances where hackers used the information to cause Class Members to have their cell phone numbers "ported" to another cell phone service provider, without their knowledge or permission (the "Data Security Incident"). This resulted in, *inter alia*, the Class Members' phones not working, hackers using the ported phones to thwart two-factor authentication, and other forms of identity theft. Plaintiffs and the putative Class sought monetary and equitable relief through the Actions;

1

**WHEREAS**, Plaintiffs in the Actions asserted claims against TracFone, *inter alia*, for (i) negligence, (ii) negligence *per se*, (iii) breach of contract, (iv) breach of implied contract; (v) declaratory judgment; (vi) violation of the Federal Communications Act, 47 U.S.C. §§ 201, *et seq*.; (vii) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (viii) violation of California's Customer Records Act, Cal. Civ. Code §§ 1798.80, *et seq*.; (ix) violation of the Vermont Consumer Protection Act, 9 V.S.A. §§ 2451, *et seq*.; and (x) violation of the New York General Business Law § 349.

**WHEREAS**, the Parties agreed to engage in voluntary arm's-length settlement negotiations and then spent months negotiating the terms of the settlement;

**WHEREAS**, Plaintiffs and their counsel, Siri & Glimstad LLP (hereinafter "Class Counsel"), believe that, in consideration of all the circumstances, and after prolonged and serious arm's-length settlement negotiations with Defendant, the proposed settlement embodied in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of all members of the Settlement Class (as defined in Section 1 below);

**WHEREAS**, Defendant indicated its intent to contest every claim in the Actions (and any future filed actions);

**WHEREAS**, after carefully considering the time and expense that would be required to litigate and defend the Actions (and any future filed actions), the Parties and their respective counsel, following the settlement negotiations, mutually desire to settle the Actions fully, finally, and forever on behalf of the Settlement Class, and for the Released Claims (defined in Section 9 below) in accordance with the terms and conditions of this Settlement Agreement;

**WHEREAS**, based on their evaluation of the facts and the law, Plaintiffs and Class Counsel have agreed to settle the Actions after considering such factors as (1) the benefits to the

2

Settlement Class; (2) the risk, uncertainty, cost, and delay of litigation; and (3) the desirability of obtaining relief for Plaintiffs and the Settlement Class now rather than later (or not at all);

**WHEREAS**, Plaintiffs and Class Counsel have determined that this Settlement Agreement provides substantial benefits to the Settlement Class and represents a fair, reasonable, and adequate settlement of the claims that are or could have been alleged in the Actions;

**WHEREAS**, Defendant and its counsel have made similar determinations, and, while denying wrongdoing, Defendant enters into this Settlement Agreement to avoid the expense, inconvenience, and inherent risk of litigation, as well as the concomitant disruption of its business operations.

## CERTIFICATION OF SETTLEMENT CLASS

1.      **The Settlement Class**: The Settlement Class is defined as follows:

All persons who were affected by the Data Security Incident.

Specifically excluded from the Settlement Class are: (i) Defendant's officers and directors at the time of the signing hereof; (ii) any entity in which Defendant has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. The Settlement Class is estimated to include approximately eight thousand (8,000) individuals, respectively (the "Settlement Class Members").

2.      **Certification of Settlement Class**: Promptly after execution of this Settlement Agreement, Class Counsel will ask the Court to issue an order certifying the Settlement Class for settlement purposes only, appointing Plaintiffs as the Settlement Class Representatives, and appointing the following attorneys as "Settlement Class Counsel": Mason Barney and Tyler Bean of Siri & Glimstad LLP. Defendant agrees not to object to this request without waiver of its

3

right to contest certification or the merits of the Actions if the settlement does not receive final approval or the Effective Date (defined in Section 16 below) does not occur.

## **RELIEF TO THE SETTLEMENT CLASS**

3. **Relief to the Settlement Class**: If the proposed settlement receives final approval, Defendant will provide benefits to members of the Settlement Class as follows:

    a. **Compensation**: Defendant will agree to make available the compensation set forth in this section to Settlement Class Members who submit valid and timely claim forms with supporting documentation. Claims will be subject to review for completeness and plausibility by a Claims Administrator, and the Settlement Class Members who file a claim will have the opportunity to seek review by a third-party[1] paid for by Defendant, if they dispute the Claims Administrator's determination.

        i. **Compensation for Ordinary Losses and Lost Time:** Defendant will provide compensation for unreimbursed losses, up to a total of $3,250 per person, upon submission of a claim and supporting documentation, for the following categories of losses:

            1. *Out of pocket expenses incurred* as a result of the Data Security Incident, including bank fees, fees associated with opening a new account, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel, to submit such a claim, Settlement Class Members must submit documentation which may be a receipt, credit card, or bank

---

[1] The Parties will agree on a Settlement Referee to review any disputed claims.

statement showing an expense along with a statement attesting that the expense was fairly traceable to the Data Security Incident;

2. *Fees for credit reports, credit monitoring, or other identity theft insurance products* purchased between November 15, 2021 and the date of the close of the Claims Period; to submit such a claim, Settlement Class Members must submit documentation which may be a receipt, credit card, or bank statement showing the expense along with a statement attesting that the expense was entered into as a result of the Data Security Incident

3. *Up to 15 hours of lost time, at $30/hour*, if at least one full hour was spent remedying issues that resulted from the Data Security Incident.  A claim for compensation for lost time must be supported by an attestation that the time claimed was related to the Data Security Incident, with a description of how the time was spent.

ii. **Credit Monitoring:** Settlement Class Members can elect to receive 3 years of 1 bureau credit monitoring, including $1,000,000 in identity theft insurance.

iii. **Compensation for Extraordinary Losses:** Defendant will provide up to $50,000 in compensation to each Claimant for proven monetary loss that was fairly traceable to the Data Security Incident and that exceeds the $3,250 set forth in Section 3.a.i., if:

1. The loss is an actual, documented, and unreimbursed monetary loss, which can include, but not be limited to, "Lost Business Opportunity

Costs."[2] The claimant must provide satisfactory documentation to support the loss; and

2. The loss was more likely than not caused by the Data Security Incident; and

3. The loss, which is fairly traceable and more likely than not caused by the Data Security Incident, (a) either occurred between November 15, 2021 and the date that Claimant regained control of their wireless account, plus a margin of 30 days, or (b) is the result of Claimant's Social Security number and/or bank account or other financial account information being stolen during the foregoing period; and

4. The loss is not already covered by one or more of the categories set forth in Section 3.a.i. above; and

5. The Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for the loss.

---

[2] "Lost Business Opportunity Costs" shall mean any lost potential net revenue resulting from the Settlement Class Member's inability to use a phone for business purposes because it was ported without the Settlement Class Member's authorization or was otherwise impacted by the Data Security Incident. To establish a Lost Opportunity Cost a Settlement Class Member must (1) provide reasonable evidence showing that the impacted phone/phone number was being used for business purposes leading up to the Data Security Incident; (2) provide reasonable evidence showing the amount of lost potential net revenue (*e.g.*, providing revenue statements for periods of time proximate to the time the phone was ported or otherwise impacted by the Data Security Incident); (3) based on the foregoing, specify exactly the net amount the Settlement Class Member believes the company lost as a result of the mobile phone number being affected by the Data Security Incident after deducting for appropriate and ascertainable costs, liabilities, etc.; and (4) an attestation affirming that the foregoing evidence, and their assertion that the claimed amount was a Lost Business Opportunity Cost is true and correct to the Settlement Class Member's knowledge and belief and was not reimbursed, indemnified, covered by insurance (such as for business interruption insurance), or covered by proceeds of a fully forgiven loan. A digital attestation that is made under penalty of perjury is sufficient to satisfy requirement number 4.

4.    **Claims Payments**.

a.    **Payments**. The Claims Administrator will, at the election of the Claimant, mail award checks or send funds electronically (in one or more electronic payment formats recommended by the Claims Administrator, such as PayPal or Venmo, and agreed-upon by the parties) for approved claims within 30 days following the Effective Date upon submission of a valid claim form and after Defendant's or the Claims Administrator's confirmation through review of Defendant's records that the Class Member is entitled to relief, or the Class Member's submission of sufficient documentation demonstrating an entitlement to relief under the settlement, whichever is later. No distributions will be made without authorization from the Parties. A copy of the claim form agreed to by the parties is attached as **Exhibit A**.

b.    **Returned Checks**. If a check is returned as undeliverable, the Claims Administrator will re-mail the check if a forwarding address is provided. If a new address is not provided, or if the check is re-mailed and returned, the check will be cancelled and there will be no further obligation to attempt to make a payment to that Class Member.

c.    **Uncashed/Cancelled Checks**. Checks shall be valid for at least 90 days from the date of issue. A Class Member whose check is uncashed after the 90-day period may request a new check for up to six months from the date of the original check. Upon request, the Claims Administrator will provide Class Counsel with a report on uncashed or cancelled checks.

5.    **Attorneys' Fees and Costs**:

Defendant agrees not to object to Plaintiffs' request for combined attorneys' fees and costs to Class Counsel in an amount not to exceed a total of $1,400,000, inclusive of costs ("Class

Counsel Payment"). Class Counsel will petition for approval of the Class Counsel Payment at least 14 days before the deadline for Settlement Class members to exclude themselves from the settlement or object thereto, or any other deadline set by the Court. In addition to the relief set forth in paragraph 3 above, Defendant will pay the amount approved by the Court that does not exceed $1,400,000. The amounts in this paragraph were negotiated after the relief for the Settlement Class Members was negotiated and agreed upon.

The Court-approved Class Counsel Payment will not affect any benefits provided to Class Members or Plaintiffs. Defendant will pay, by wire transfer or check, the Court-approved Class Counsel Payment within 15 business days of (1) the Effective Date or (2) the entry of an order awarding a Class Counsel Payment, whichever is later, to the attorney trust account of Class Counsel. Defendant's obligations with respect to the Court-approved Class Counsel Payment shall be fully satisfied upon receipt of the funds by Class Counsel. Class Counsel will be responsible for any loss that may occur after receipt of the funds and for allocating the Court-approved Class Counsel Payment among Class Counsel or others. Defendant will have no responsibility or liability in connection with the allocation of the Court-approved Class Counsel Payment, or for any tax obligations or payments associated with the Class Counsel Payment.

Except for the Court-approved Class Counsel Payment, Class Counsel will be responsible for all fees, costs, and expenses incurred by Plaintiffs or Class Counsel in connection with the Actions. No interest will accrue with respect to the Court-approved Class Counsel Payment.

6. **Remedial Measures/Data Security Enhancements:**

TracFone agrees to provide to Class Counsel the cybersecurity enhancements it has implemented to date, with such filing to occur under seal upon request by the Court and prior to the final approval hearing.

8

The Parties acknowledge that technical requirements for securing information evolve and change dynamically. In the event that technological, industry developments or intervening changes in law or business practices render the specific Remedial Measures/Data Security Enhancements set forth herein obsolete, or make compliance by Defendant with them unreasonable or technically impractical, Defendant may modify its business practices as necessary to ensure appropriate security practices are being followed. All costs associated with implementing the Remedial Measures/Data Security Enhancements will be borne by Defendant separate and apart from the relief afforded to Settlement Class Members.

The Parties shall negotiate in good faith certain confirmatory discovery to be produced by Defendant, which Defendant will produce to Plaintiffs prior to the filing of the final approval motion, and shall include at least one interview of an individual who is knowledgeable about the Data Security Incident and investigation into same.

**SETTLEMENT ADMINISTRATION**

7.    **Settlement Administration**:

a.    **Claims Administrator.** The Parties have selected Kroll Settlement Administration to serve as the third-party settlement claims administrator ("Claims Administrator"), provide notice of the settlement to the Settlement Class and otherwise administer the settlement, subject to Court approval. The Claims Administrator will administer the settlement, including (i) not later than ten (10) calendar days after the filing of this Settlement Agreement with the Court, the Claims Administrator, on Defendant's behalf, shall serve or cause to be served notice of the proposed Settlement upon the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. ("CAFA"); (ii) provide direct-mail postcard notification of the proposed settlement to the people on the Settlement Class Member List (as

9

defined below), or email notice where valid email addresses are available as provided in Section 12 hereof; (iii) create and host a website (the "Settlement Website"), publicly accessible for at least nine months after the Effective Date, dedicated to providing information related to the Actions, including access to relevant publicly available court documents, the settlement and this Settlement Agreement, including the short form notice (attached hereto as **Exhibits B and C**), and a long-form notice of the settlement (attached hereto as **Exhibit D**), and provide Settlement Class Members with the ability to submit claims and supporting documentation for compensatory relief via a form that is substantially similar to the claims form attached hereto as **Exhibit A**; (iv) maintain a toll-free telephone number and P.O. Box by which Settlement Class Members can seek additional information regarding this Settlement Agreement; (v) process claims and supporting documentation submissions, and provide approved payments to Settlement Class Members; (vi) process requests for exclusion submitted by Settlement Class Members; and (vii) any other provision of this Settlement Agreement that relates to the settlement and claims administration. Upon reasonable notice, the Claims Administrator and Defendant will make available for inspection by Class Counsel information reasonably necessary for Class Counsel to confirm that the Claims Administrator and Defendant have complied with the settlement administration aspects of this Settlement Agreement.

b.    <u>**Review and Assistance.**</u> Class Counsel and Defendant will be permitted to audit and review actual (or summary reports on) claims made, claims approved or denied, checks issued, calculation of benefits under the settlement, and returned checks and uncashed checks to assist with the effectuation of the settlement and the Parties' respective desire to reasonably ensure that the benefits are administered in a manner to attempt to reach each Settlement Class Member.

c.      **Cost of Settlement Administration.** Defendant will be responsible for the cost of settlement administration, including the payment of the Claims Administrator. The cost of settlement administration will not affect any benefit provided to Settlement Class Members, including Plaintiffs. Except for the Court-approved Class Counsel Payment, Defendant will not be responsible for, and will not pay, any additional costs or fees incurred by Plaintiffs or Class Counsel with respect to the negotiation, implementation, or administration of the settlement, or any costs incurred by any Settlement Class Member in connection with participating in, opting out of, or objecting to the settlement.

d.      **Dispute Resolution.** In the event of a dispute over the validity of a claim or the denial of a check reissuance request, Settlement Class Members or Defendant shall be entitled to submit their claim to the Claims Administrator. Settlement Class Members or Defendant must first notify the Claims Administrator that they intend to pursue the dispute resolution process, and Defendant will have the option, at its sole discretion, to negotiate with the Settlement Class Member to attempt to resolve the dispute, provided that Defendant provides prior written notice to Class Counsel of the intent to do so. If Defendant elects not to undertake a negotiation process or the process does not resolve the dispute within 10 days from the date the Settlement Class Member or Defendant notifies the Claims Administrator of the dispute, the Settlement Class Member or Defendant may then submit the claim. Defendant will provide notice to Class Counsel of any claims submitted. The Claims Administrator's findings will be final and binding on both parties. Settlement Class Members and Defendant will each bear their own attorneys' fees and any other costs of the dispute resolution process, if any. Class Counsel will have the option, but not the obligation, to participate in the dispute resolution process.

8.      **No Other Financial Obligations on Defendant:** Defendant will not be obligated to pay any fees, expenses, or costs in connection with the Actions or this Settlement Agreement other than the amounts and categories specifically provided for in this Settlement Agreement.

## RELEASE

9.      **Release:**  Upon the Effective Date, Plaintiffs named in this Settlement Agreement and every Settlement Class Member (except those who timely opt out), for themselves, their attorneys, beneficiaries, executors, representatives, heirs, successors, and assigns, or anyone else claiming through them, in consideration of the relief set forth in this Settlement Agreement, fully and finally release Defendant, its parents, subsidiaries, divisions and affiliates, predecessors, successors, and all of their present and former principals, officers, directors, employees, customers, agents, attorneys, representatives, insurers, re-insurers, and legal representatives from any and all claims or causes of action, whether known or unknown, claims, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature, and character, known and unknown, including without limitation, negligence, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute or common law duty, any federal, state, or local statutory or regulatory claims, including, but not limited to, those pursuant to consumer protection laws, unfair and deceptive trade practice laws, and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, and expenses, prejudgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution,

the appointment of a receiver, and any other form of relief that any Settlement Class Member has, has asserted, could have asserted, or could assert that concern, refer or relate to the Data Security Incident, and all other claims arising out of that Data Security Incident, that were asserted, or that could have been asserted, in the Actions. The claims released in this section are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

Plaintiffs and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL REELASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and the Settlement Class agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in this Settlement Agreement, and agree that this is an essential term of this Settlement Agreement. Plaintiffs and the Settlement Class acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in this Settlement Agreement. Nevertheless, Plaintiffs and the Settlement Class fully, finally, and forever settle and release the Released Claims against the Released Parties.

### 10.    No Release of Unrelated Claims

Notwithstanding the foregoing, the Parties expressly agree and acknowledge that the Release negotiated herein shall not apply to any litigation or claim not related to or arising out of the Data Security Incident.

13

## SETTLEMENT APPROVAL PROCESS

**11.    Preliminary Approval Order:** Plaintiffs will petition the Court for an order preliminarily approving this Settlement Agreement (the "Preliminary Approval Order") promptly after this Settlement Agreement has been fully executed. A copy of the proposed Preliminary Approval Order is attached as **Exhibit E**.

**12.    Class Notice:** Within 10 days of entry of the Preliminary Approval Order, Defendant will provide the Claims Administrator with a list of Settlement Class Members in Excel format that includes, to the extent available, the name, email address, phone number, and physical mailing address of each Settlement Class Member, along with the date (if available) when the Settlement Class Member's contact information was entered into Defendant's system. Within 10 days of entry of the Preliminary Approval Order, Plaintiffs shall provide the Claims Administrator with a list in Excel format that includes the name, email address, phone number, and physical mailing address for each person they have signed up as a client (the "Plaintiffs' Client List"), and the date on which that person provided their contact information.  The Claims Administrator shall then create a list (the "Settlement Class Member List") by reconciling the two lists, and where a person appears on both lists, the Claims Administrator will choose the most recent contact information for each Settlement Class Member.  By no later than 45 days following entry of the Preliminary Approval Order (the "Notice Date"), the Claims Administrator will send one of the Notices of Proposed Settlement (either **Exhibit B** or **Exhibit C** as appropriate) to each person on the Settlement Class Member List. The Notice of Proposed Settlement will advise that Settlement Class members have 90 days from the Notice Date to submit a claim for compensation (the "Claims Period"). The Claims Administrator will send each person on the Settlement Class Member List the notice attached as Exhibit B by U.S. mail, the notice attached as Exhibit C by email where

valid email addresses are available, or by text message if only phone number is available. Sixty (60) days after the Notice Date, the Claims Administrator shall send to each person on the Settlement Class Member List a second reminder notice via email or text in a form to be agreed upon by the parties; the second reminder notice will provide a link to the Settlement Website and appropriate information to log onto that Settlement Website.

Before mailing notice by U.S. mail, the Claims Administrator will update the Class Members' addresses through a reliable service of the Claims Administrator's choosing that is consistent with its customary business practices. If a notice is returned to the Claims Administrator as undelivered and a forwarding address is provided, the Claims Administrator will re-mail one additional time to the new address. For notices sent by email, if the email fails to be delivered during the initial delivery attempt and after the initial noticing campaign is complete, the Claims Administrator, after an approximate 24- to 72-hour rest period (which allows any temporary block at the ISP level to expire), will cause a second round of email noticing to continue to any email addresses that were previously identified as "soft bounces" and not delivered.  For any emails that are then undeliverable for any reason, the Claims Administrator shall try any alternative email address provided by either party during the assembly of the Settlement Class Member List, and if that email is also retuned as undeliverable, the Claims Administrator shall send notice by U.S. Mail to that Settlement Class Member.

13.    **Right of Exclusion:** Settlement Class Members who submit a timely written request for exclusion from the Settlement Class will be excluded from the Settlement Class. A request for exclusion must be in writing and must state the name, address, and phone number of the person seeking exclusion. Each request must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the TracFone lawsuit." The request

must be mailed to the Claims Administrator at the address provided in the Class Notice, and postmarked no later than 60 days after the Notice Date, or any other date set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not mailed by the deadline will be invalid, and the person submitting the request will remain a Settlement Class Member. A Settlement Class Member who cashes a check from Defendant or submits a valid claim form is not eligible for exclusion, and any request for exclusion will be invalid. Class Counsel will file a list of Settlement Class Members requesting exclusion with the Court. If more than five percent (5%) of the Settlement Class Members request exclusion, Defendant will have the right, at its sole discretion and within five business days after receipt of the list of exclusions from the Claims Administrator, to terminate this Settlement Agreement and render the settlement void and of no effect.

14.    **Right to Object:** Any Settlement Class Member who objects to the settlement may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to present any relevant evidence or argument. No Settlement Class member will be heard and no papers submitted thereby will be considered unless, no later than 60 days after the Notice Date, or any other date set by the Court, the Settlement Class Member files with the Court, or mails or emails to Class Counsel and Defendant's counsel written objections that include: (1) the title of the case; (2) the Settlement Class Member's name, address, and telephone number; (3) all legal and factual bases for any objection; (4) copies of any documents that the Settlement Class Member wants the Court to consider, and (5) the identity of the objector's attorney, if any. Should the Settlement Class Member wish to appear at the Final Approval Hearing, the Settlement Class Member must so state, and must identify any documents or witnesses the Settlement Class Member

16

intends to call on his or her behalf. Any Settlement Class Member who fails to object in this manner will be deemed to have waived any objections.

15.    **Final Judgement Order:** At the final approval hearing ordered by the Court ("Final Approval Hearing"), the parties will ask the Court to enter final approval order and judgment (the "Final Judgment and Order"). A copy of the proposed Final Judgment and Order is attached as **Exhibit F**.

16.    **Finality of Judgment:** The Final Judgment and Order will be deemed final, and the Effective Date will occur 35 days after the Final Judgment Order is entered if no notice of appeal or motion tolling the time for appeal is filed, or, if any such document is filed, 14 days after all appellate proceedings (including proceedings in the Court in the event of a remand) have been finally terminated and this Settlement Agreement has been finally approved in all material respects.

## MISCELLANEOUS PROVISIONS

17.    **Integration and Drafting:** This Settlement Agreement was drafted and negotiated by counsel for the Parties at arm's-length. It sets forth the entire agreement among the Parties.

18.    **Amendment, Court Approval, Extensions:** This Settlement Agreement may not be amended without the written consent of all Parties and approval of the Court; provided, however, that the Parties may agree to reasonable extensions of time to carry out any provision of this Settlement Agreement, and provided further that any extension of more than 30 days must be approved by the Court.

19.    **Construction:** This Settlement Agreement has been drafted by all Parties and shall not be construed for or against any of the Parties.

20.    **Integration of Exhibits:** The exhibits to this Settlement Agreement are incorporated by reference and are an integral part of this Settlement Agreement.

21.    **Counterparts:** This Settlement Agreement may be executed in counterparts, each of which will be considered an original. Executed signature pages are valid and enforceable whether they are originals or copies, and whether transmitted by facsimile, email, or any other means.

22.    **No Evidence, No Admission:** In no event shall this Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Actions or in any other proceeding, except in a proceeding to enforce this Settlement Agreement (including its release). Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations will be offered or received as evidence, or as an admission or concession, by any person of any matter, including but not limited to any alleged wrongdoing on the part of Defendant or the appropriateness of certification of any class.

23.    **Tax Consequences:** Defendant gives no opinion as to the tax consequences of the settlement to Settlement Class Members or anyone else. Each Settlement Class Member's or other person's tax obligations, if any, and the determination of those obligations, are the sole responsibility of the Settlement Class Member or other person. Defendant will act as it determines is required by the Internal Revenue Code in reporting any settlement benefits provided pursuant to this Settlement Agreement.

24.    **Cooperation in Effecting Settlement:** The Parties, their successors and assigns, and their attorneys will implement this Settlement Agreement in good faith, use good faith in resolving any disputes that may arise in the implementation of this Settlement Agreement,

18

cooperate with one another in seeking Court approval of this Settlement Agreement, and use their best efforts to affect the prompt consummation of this Settlement Agreement.

    25.    **Publicity:** The Parties will not make any public statement about the settlement that has not been approved by the other side, except as required or authorized by law. Approval of any proposed public statement of the other side will not be unreasonably withheld. The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. Notwithstanding the foregoing, the Parties may include on their websites or provide to Settlement Class Members, the notice and any signed orders from the Court regarding the settlement, and may respond to inquiries from Settlement Class Members regarding the substance of the settlement, provided however that such responses shall in no way be disparaging to a Party. Nothing herein shall prevent Plaintiffs' Counsel from directly contacting any potential Settlement Class Member who appears on the Plaintiffs' Client List and retained Class Counsel as counsel prior to execution of this agreement, and nothing herein shall require either party to violate their ethical duties under applicable state ethics rules. Defendant may, at its sole discretion, make a public statement about its operating procedures, or changes to these procedures, relating to cybersecurity.

    26.    **Authority to Execute Agreement:** Each person executing this Settlement Agreement represents that he or she is authorized to execute it.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: _August 26, 2024_

_Darren Barcomb_

**Darren Barcomb,** *Individually and on Behalf of the Settlement Class*


Dated: _____

_____

**David Setters,** *Individually and on Behalf of the Settlement Class*


Dated: _____

_____

**Charise Carson,** *Individually and on Behalf of the Settlement Class*


Dated: _____

_____

**Jaynae Cole,** *Individually and on Behalf of the Settlement Class*


Dated: _____

_____

**Joshua Davis,** *Individually and on Behalf of the Settlement Class*

20

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: _____

_____

**Darren Barcomb,** *Individually and on Behalf of the Settlement Class*

Dated: 22 AUG 2024

*David Setter*

**David Setters,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Charise Carson,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Jaynae Cole,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Joshua Davis,** *Individually and on Behalf of the Settlement Class*

20

305618661v.2

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated: _____

_____

**Darren Barcomb,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**David Setters,** *Individually and on Behalf of the Settlement Class*

Dated: 09 / 11 / 2024

_____

**Charise Carson,** *Individually and on Behalf of the Settlement Class*

Dated: 09 / 05 / 2024

_____

**Jaynae Cole,** *Individually and on Behalf of the Settlement Class*

Dated: 09 / 05 / 2024

_____

**Joshua Davis,** *Individually and on Behalf of the Settlement Class*

20

Dated: 10 / 17 / 2024

*Raven Harden*

**Raven Harden,** *Individually and on Behalf of the Settlement Class*

Dated: 10 / 17 / 2024

**Michael Broadus,** *Individually and on Behalf of the Settlement Class*

Dated: Nov. 13, 2024

**Mason A. Barney, Esq.,** *Counsel for Named Plaintiffs and Proposed Class Counsel*

Dated: _____

By: _____

**TracFone Wireless, Inc.,** *Defendant*

Dated: _____

**John Delionado, Esq.,** *Counsel for Defendant*

Dated: _____

_____

**Raven Harden,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Michael Broadus,** *Individually and on Behalf of the Settlement Class*

Dated: _____

_____

**Mason A. Barney, Esq.,** *Counsel for Named Plaintiffs and Proposed Class Counsel*

Dated: December 13, 2024

_____

By: William Kelsoe, VP/Deputy GC

**TracFone Wireless, Inc.,** *Defendant*

Dated: November 13, 2024

_____

**John Delionado, Esq.,** *Counsel for Defendant*

22

**EXHIBIT A**

TracFone Settlement Administrator
 c/o Knoll Settlement Administration
[Address Line 1]
[Address Line 2]

> **Your Claim Form Must Be Submitted
> On or Before [DATE]**

# *Barcomb, et al. v. TracFone Wireless, Inc.,*

In the United States District Court for the Southern District of New York
(Case No. 1:24-cv-08710)

## Claim Form

This claim form should be filled out online or submitted by mail if you are an individual whose information was accessed as a result of a Data Security Incident experienced by TracFone Wireless, Inc., Straight Talk Wireless, Simple Mobile, Net10 Wireless, Walmart Family Mobile, and Total Wireless ("Tracfone") in or about December 2021. These potential benefits include credit monitoring services, reimbursement of out-of-pocket expenses, documented extraordinary expenses, and lost time spent directly dealing with the Data Security Incident. You may get a check if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, [WEBSITE], or call [TELEPHONE #] for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. This claim form must be mailed and postmarked by [DATE].

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE ALL OF THE REQUIRED (*) INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM. THIS CLAIM FORM SHOULD ONLY BE USED IF A CLAIM IS BEING MAILED IN AND IS NOT BEING FILED ONLINE. YOU MAY ALSO FILE YOUR CLAIM ONLINE AT [WEBSITE].

## 1. CLASS MEMBER INFORMATION.

First Name*                                                                Middle Initial

Last Name*                                                                Suffix

Primary Address*

Apt/Floor/Suite

City*                                                        State*        Zip Code*

Current Email Address*

Current Phone Number  -      -                Settlement Clam ID*

If your current address is outside the United States, please complete this claim form online at [WEBSITE] and select the checkbox on the Class Member Information page that says "Please check if this is a non-U.S. address".

Your Settlement Claim ID is printed on the notice you received. If you no longer have your notice, contact the Claims Administrator at [telephone number].

## 2. CREDIT MONITORING SERVICES

All Settlement Class members are eligible to claim 3 years of 1 bureau credit monitoring services, including $1,000,000 in identity theft insurance.

☐ Send me my activation code so I can enroll in credit monitoring services.

## 3. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and paragraph 3 of the Settlement Agreement for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

Please provide as much information as you can to help us determine if you are entitled to a settlement payment.

**PLEASE PROVIDE THE INFORMATION LISTED BELOW:**

Check the box for each category of expenses or lost time that you incurred as a result of the Data Security Incident. Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described for each category (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish). Please note that recovery is limited to **$3,250** per person for documented ordinary expenses and lost time, and **$50,000** for extraordinary expenses for a victim of actual identity theft.

You must provide a description of the charges or time sought to be reimbursed.

☐ **Ordinary expenses and/or lost time incurred as a result of the Data Security Incident. This category is capped at $3,250.**

   ☐ **Out of Pocket Expenses**
   *You must provide supporting documentation.* **Examples** - fees associated with opening a new cell phone account, bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for travel.

   **Total amount for this category:**          $_____

   _____
   _____
   _____

   *If you are seeking reimbursement for out-of-pocket expenses, please attach a copy of a statement or receipt from the company that charged you, showing the amount of charges incurred.*

   You may mark out any transactions that are not relevant to your claim before sending in the documentation.

   ☐ **Reimbursement of fees paid for credit reports, credit monitoring, or other identity theft insurance products purchased as a result of the Data Security Incident.**
   *You must provide supporting documentation.* **Examples – documents showing** fees for credit reports, credit monitoring, or other identity theft insurance, purchased between November 15, 2021 and [ENTER DATE FOR CLAIMS DEADLINE].

   **Total amount for this category:**          $_____

   _____
   _____
   _____

   *If you are seeking reimbursement for out-of-pocket expenses, please attach a copy of a statement or receipt from the company that charged you, showing the amount of charges incurred.*

   You may mark out any transactions that are not relevant to your claim before sending in the documentation.

☐ **Time reimbursement for at least one full hour of time spent dealing with the Data Security Incident**

**Examples –**You spent at least one full hour re-establishing your phone number or phone service after it was ported out, contacting your bank, implementing credit monitoring, and/or checking your statements for fraud as a result of the Data Security Incident. You must fill out the attestation below in 4. Recovery for this category is paid out at $30/hour, for up to 15 hours.

**Number of hours spent:**                                    _____

**Total amount for this category:**                    $_____


☐ **Extraordinary expenses for a victim of actual identity theft – documented monetary loss arising from actual identity theft incurred as a result of the Data Security Incident. This category is capped at $50,000.**

- **State the facts demonstrating that you were a victim of actual identity theft and provide supporting documentation:**

_____

_____

**Reimbursements in this category must be (1) the loss is an actual, documented, and unreimbursed monetary loss, which can include, but not be limited to, "Lost Business Opportunity Costs;" (2) the loss was more likely than not caused by the Data Security Incident; (3) the loss either (a) occurred between November 15, 2021 and the date that Claimant regained control of their wireless account, plus a margin of 30 days, or (b) is the result of Claimant's Social Security number and/or bank account or other financial account information being stolen during the foregoing period; (4) the loss is not already covered by one of the categories set forth above in this Claim Form; and (5) the Settlement Class Member made reasonable efforts to mitigate the loss.**

**Total amount for this category:**                    $_____

_____

_____

_____

*If you are seeking reimbursement for extraordinary expenses, please attach a copy of a statement or receipt from the company that charged you, showing the amount of charges incurred.*

You may mark out any transactions that are not relevant to your claim before sending in the documentation.

## 4. SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below. I understand that I may be asked by the Settlement Administrator to provide supplemental information before my claim will be considered complete and valid.

_____        _____        _____
Signature                                              Print Name                                                  Date

## 5. REMINDER CHECKLIST

1. Keep copies of the completed Claim Form and documentation for your own records.
2. If your address changes or you need to make a correction to the address on this claim form, please visit the settlement administration website at [WEBSITE] and complete the Update Contact Information form or send written notification of your new address. Make sure to include your Settlement Claim ID and your phone number in case we need to contact you in order to complete your request.

3. If you need to supplement your claim submission with additional documentation, please visit the settlement administration website at [WEBSITE] and provide these documents by completing the Secure Contact Form.

4. For more information, please visit the settlement administration website at [WEBSITE] or call the Settlement Administrator at [TELEPHONE#]. Please do not call the Court or the Clerk of the Court.

**EXHIBIT B**

**Short Form Notice**

# You may be eligible for cash payment and/or credit monitoring from TracFone but you need to act.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

**A court authorized this Notice**.

This is not spam, an advertisement, or a lawyer solicitation.

A settlement has been reached in a class action lawsuit against TracFone Wireless, Inc., ("TracFone") that alleges that TracFone was negligent and breached contractual and statutory duties in connection with a cyber attack on certain systems within TracFone's computing environment, during which unauthorized third parties were able to access certain files containing the personal information for some individuals (the "Data Security Incident") that TracFone experienced in December 2021.  TracFone denies all of the claims and says it did not do anything wrong.

**ARE YOU INCLUDED?** Yes, TracFone' records show that you are an individual whose information was accessed and that you were affected by the Data Security Incident in or about December 2021. Therefore, you are included in this Settlement as a "Settlement Class member."

**WHAT ARE THE SETTLEMENT BENEFITS?** The Settlement provides for three years of one-bureau credit monitoring, including $1,000,000 in identity theft insurance, for any Settlement Class Member who submits a valid claim and enrolls. The Settlement also provides for two types of payments to people who submit valid and approved claims: (1) reimbursement of up to $3,250 in documented, ordinary out-of-pocket expenses and lost time incurred (up to 15 hours at $30/hour) as a result of the Data Security Incident; and (2) reimbursement of up to $50,000 in extraordinary documented expenses incurred from identity theft more likely than not caused by the Data Security Incident. TracFone has and will also be taking steps to improve its data security.

**HOW CAN I FILE A CLAIM**?  The only way to file a claim is by filling out a Claim Form available if you:

- Visit the settlement website at www.XXXXXXXXX.com or
- Call 1-XXX-XXX-XXXX.

All claims must be filed *before* **Date**.

**WHAT ARE MY OTHER OPTIONS?** If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue TracFone for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **Date**. If you stay in the Settlement, you may object to it by **Date**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the settlement website below or call the phone number below for a copy of the more detailed notice.

**WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** On **Date**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses of up to $**XXX**. The Motion for attorneys' fees will be posted on the settlement website after it is filed. You or your own lawyer may ask to appear and speak at the hearing at your own cost, but you do not have to.

For more information, call or visit the website below.

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |
|---|---|

1

**EXHIBIT C**

**E-mail Notice**

## You may be eligible for cash payment and/or credit monitoring from TracFone but you need to act.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

**A court authorized this Notice.**

This is not spam, an advertisement, or a lawyer solicitation.

A settlement has been reached in a class action lawsuit against TracFone Wireless, Inc., Straight Talk Wireless, Simple Mobile, Net10 Wireless, Walmart Family Mobile, and Total Wireless ("TracFone") that alleges that TracFone was negligent and breached contractual and statutory duties in connection with a cyber attack on certain systems within TracFone's computing environment, during which unauthorized third parties were able to access certain files containing the personal information for some individuals (the "Data Security Incident") that TracFone experienced in December 2021.  TracFone denies all of the claims and says it did not do anything wrong.

**ARE YOU INCLUDED?** Yes, TracFone' records show that you are an individual whose information was accessed and that you were affected by the Data Security Incident in or about December 2021. Therefore, you are included in this Settlement as a "Settlement Class member."

**WHAT ARE THE SETTLEMENT BENEFITS?** The Settlement provides for three years of one-bureau credit monitoring, including $1,000,000 in identity theft insurance, for any Settlement Class Member who submits a valid claim and enrolls. The Settlement also provides for two types of payments to people who submit valid and approved claims: (1) reimbursement of up to $3,250 in documented, ordinary out-of-pocket expenses and lost time incurred (up to 15 hours at $30/hour) as a result of the Data Security Incident; and (2) reimbursement of up to $50,000 in extraordinary documented expenses incurred from identity theft more likely than not caused by the Data Security Incident. TracFone has and will also be taking steps to improve its data security.

**HOW CAN I FILE A CLAIM?**  The only way to file a claim is by filling out a Claim Form available if you:

- Visit the settlement website at www.XXXXXXXXX.com or
- Call 1-XXX-XXX-XXXX.

All claims must be filed *before* Date.

**WHAT ARE MY OTHER OPTIONS?** If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue TracFone for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by Date. If you stay in the Settlement, you may object to it by Date. A more detailed notice is available to explain how to exclude yourself or object. Please visit the settlement website below or call the phone number below for a copy of the more detailed notice.

**WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** On Date, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses of up to $XXX. The Motion for attorneys' fees will be posted on the settlement website after it is filed. You or your own lawyer may ask to appear and speak at the hearing at your own cost, but you do not have to.

For more information, call or visit the website below.

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |
|---|---|

1

**EXHIBIT D**

**Long Form Notice**

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Barcomb, et al. v. TracFone Wireless, Inc. et al.,* Case No. 1:24-cv-08710-NRB (S.D.N.Y.)

---

**You may be eligible for cash payment and/or credit monitoring from TracFone but you need to act.**

---

**A court authorized this Notice**.

This is not spam, an advertisement, or a lawyer solicitation.

This is a court-authorized Notice of a proposed settlement in a class action lawsuit, *Barcomb, et al. v. TracFone Wireless, Inc. et al.,* Case No. 1:24-cv-08710, currently pending in the District Court for the Southern District of New York. The proposed settlement would resolve a lawsuit that alleges that TracFone Wireless, Inc. ("TracFone") was negligent and breached contractual and statutory duties in connection with a data security incident that TracFone experienced in December 2021. TracFone contests these claims and denies that it did anything wrong. This Notice explains the nature of the class action lawsuit, the terms of the settlement, and your legal rights and obligations.

You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. To read the precise terms and conditions of the settlement, you can access a copy of the Settlement Agreement here [**link to document on website**]. You may also contact the Settlement Administrator at 1-XXX-XXX-XXXX.

| Summary of Your Legal Rights and Options in This Settlement | | Deadline |
|---|---|---|
| **Submit a Claim** | The only way to be eligible to receive a Claimant Award from this Settlement is by submitting a timely and valid Claim Form. The Claim Form must be submitted no later than Date. | Date |
| **Opt Out of the Settlement** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can elect your own legal counsel at your own expense. | Date |
| **Object to the Settlement and/or Attend a Hearing** | If you do not opt out of the Settlement, you may object to it by writing to the Court in the manner described herein regarding why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval | Date |

| | | |
|---|---|---|
| | Hearing. If you object, you may also file a claim for a Claimant Award. | |
| **Do Nothing** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

**What Is This Lawsuit About?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of the people with similar claims are class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

This lawsuit began when Plaintiffs Darren Barcomb, David Setters, Charise Carson, Jaynae Cole, Joshua Davis, Raven Harden, and Michael Broadus filed a putative class action complaint against TracFone.  In the lawsuit, Plaintiffs allege that TracFone was negligent and violated contractual and statutory damages when a third party obtained unauthorized access to confidential information of certain TracFone customers.  TracFone denies any liability or wrongdoing of any kind associated with the claims in this lawsuit.

This is just a summary of the allegations. The complaint in the lawsuit is posted at www.XXXXXXXXXX.com and contains all of the allegations.

**Why Is There A Settlement?**

To resolve this matter without the expense, delay, and uncertainties of litigation, the parties reached a settlement.  The proposed settlement would require TracFone to pay money and provide a discount benefit to the Settlement Class, and pay settlement administration costs, attorneys' fees and costs of Class Counsel, as may be approved by the Court.  The settlement is not an admission of wrongdoing by TracFone and does not imply that there has been, or would be, any finding that TracFone violated the law.

**Am I a Class Member?**

You are a member of the Settlement Class if you are a resident of the United States whose information was accessed in the data security incident.

**Who Represents Me?**

The Court has appointed a team of lawyers as Class Counsel.

| |
|---|
| Mason Barney<br>Tyler Bean<br>SIRI & GLIMSTAD LLP<br>745 Fifth Ave, Suite 500<br>New York, NY 10151 |

Class Counsel will petition to be paid legal fees and to be reimbursed for their reasonable expenses from the Settlement Fund. You do not need to hire your own lawyer, but you may choose to do so at your own expense.

**What does the Settlement Provide?**

There are three types of claims-based remedies that are available: (1) ordinary out of pocket expense reimbursements, and compensation for lost time; (2) extraordinary expense reimbursements for victims of identity theft; and (3) credit monitoring. You may submit a claim for any of the above listed remedies. To claim each type of remedy, you must provide information and/or documentation with the Claim Form.

The total amount of money paid by TracFone for expense and time reimbursements is uncapped in the aggregate. What this means is that while individual payments have caps (see below), there is no cap on how much TracFone will pay to satisfy valid claims, and individuals' claims will not be reduced as a result of other people's claims.

The Settlement will provide credit monitoring services to all valid claimants who enroll.

**What Are The Settlement Benefits?**

Any Settlement Class member who timely submits a valid and approved Claim Form shall be entitled to a Claimant Award, which includes three categories of awards. Depending on the documentation submitted a Settlement Class member may be eligible for one or all awards:

> <u>Ordinary Expense and Time Reimbursements</u>: Qualified Class Members are eligible to claim reimbursement of up to $3,250 per person for their documented out-of-pocket expenses and compensation for time spent resulting from the Data Security Incident, including:
>
> > • Out of pocket expenses, such bank fees, fees associated with opening a new account, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel, which can be established through documents provided to the Settlement Administrator;
> >
> > • Out of pocket expenses incurred for credit reports, credit freezes, credit monitoring, or other identity theft insurance products purchased between November 15, 2021 and [END OF CLAIMS PERIOD], which can be established through documents provided to the Settlement Administrator; and
> >
> > • Up to 15 hours of lost time, at $30/hour, if at least one full hour was spent dealing with the Data Breach, supported by an attestation that the time claimed was related to the Data Security Incident, with a description of how the time was spent.
>
> <u>Extraordinary Expense Reimbursements</u>: Qualified Class members who suffered actual identity theft are eligible to claim reimbursement of up to $50,000 per person for their extraordinary documented out-of-pocket losses if (1) the loss is an actual, documented, and unreimbursed monetary loss, which can include, but not be limited to, "Lost

Business Opportunity Costs;"[1] (2) the loss was more likely than not caused by the Data Breach; (3) the loss either (a) occurred between November 15, 2021 and the date that Claimant regained control of their wireless account, plus a margin of 30 days, or (b) is the result of the Settlement Class Member' Social Security number and/or bank account or other financial account information being stolen during the foregoing period; (4) the loss is not already covered; and (5) the Settlement Class Member made reasonable efforts to mitigate the loss.

<u>Credit Monitoring</u>: Settlement Class members who enroll are each individually eligible to receive 36 months of 1 bureau credit monitoring.

TracFone has also agreed to certain information enhancements to its data security.

**How Do I Get a Payment?**

You must submit a completed Claim Form no later than **[Date]**. You may submit a Claim Form online at www.XXXXXXXXXX.com.

**How Do I Exclude Myself from the Settlement?**

If you want to exclude yourself from the Settlement Class, sometimes referred to as "opting out," you will not be eligible to recover any benefits as a result of this settlement and you will not receive a payment or have any rights under the Settlement Agreement. However, you would keep the right to sue TracFone at your own expense about the legal issues raised in this lawsuit. You may exclude yourself from the settlement by mailing a written notice to the Settlement Administrator, postmarked on or before **[Date]**. Your exclusion request letter must:

- Be in writing;
- State your current address;
- Contain the statement "I request to be excluded from the Settlement Class in the TracFone lawsuit.";
- Be signed by you; and
- Be mailed to the Settlement Administrator, Kroll Settlement Administration, [**Street Address**], [**City, State, Zip**], postmarked on or before **[Date]**.

**How Do I Object to the Settlement?**

If you are a member of the Settlement Class and you do not exclude yourself from the settlement, you can object to the settlement. To do so, you must file your written objection with the Court no later than

---

[1] "Lost Business Opportunity Costs" mean any lost potential net revenue resulting from the Settlement Class Member's inability to use a phone for business purposes because it was ported without the Settlement Class Member's authorization or was otherwise impacted by the Data Breach. To establish a Lost Opportunity Cost a Settlement Class Member must (1) provide reasonable evidence showing that the impacted phone/phone number was being used for business purposes leading up to the Data Breach; (2) provide reasonable evidence showing the amount of lost potential net revenue (*e.g.*, providing revenue statements for periods of time proximate to the time the phone was ported or otherwise impacted by the Data Breach); (3) based on the foregoing, specify exactly the net amount the Settlement Class Member believes the company lost as a result of the mobile phone number being affected by the Data Breach after deducting for appropriate costs, liabilities, etc.; and (4) an attestation affirming that the foregoing evidence, and their assertion that the claimed amount was a Lost Business Opportunity Cost is true and correct to the Settlement Class Member's knowledge and belief and was not reimbursed, indemnified, covered by insurance (such as for business interruption insurance), or covered by proceeds of a fully forgiven loan. A digital attestation that is made under penalty of perjury is sufficient to satisfy requirement number 4.

[Date], and mail a copy to Class Counsel and TracFone's Counsel at the addresses listed below. The Objection must include: (1) the title of the case; (2) the Settlement Class Member's name, address, and telephone number; (3) all legal and factual bases for any objection; (4) copies of any documents that the Settlement Class Member wants the Court to consider, and (5) the identity of the objector's attorney, if any. Should the Settlement Class Member wish to appear at the Final Approval Hearing, the Settlement Class Member must so state, and must identify any documents or witnesses the Settlement Class Member intends to call on his or her behalf. Any Settlement Class Member who fails to object in this manner will be deemed to have waived any objections.

If your objection is submitted and overruled by the Court at the Final Approval hearing, you will remain fully bound by the terms of the Settlement Agreement and the Final Approval Order.

Mailing addresses for Class Counsel and TracFone's Counsel are as follows:

| CLASS COUNSEL: | TRACFONE'S COUNSEL: |
| --- | --- |
| Mason Barney<br>Tyler Bean<br>SIRI & GLIMSTAD LLP<br>745 Fifth Ave, Suite 500<br>New York, NY 10151 | John Delionado<br>Samuel Danon<br>Maria Castellanos Alvarado<br>HUNTON ANDREWS KURTH LLP<br>Wells Fargo Center<br>333 SE 2nd Avenue, Suite 2400<br>Miami, FL 33131 |

**What Is the Difference Between Objecting And Asking To Be Excluded?**

Objecting means telling the Court that you do not like something about the settlement. You can object to the settlement only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the settlement. If you exclude yourself, you have no basis to object to the settlement because it no longer affects you.

**What Am I Agreeing To By Remaining In the Settlement Class?**

Unless you exclude yourself, you will be part of the Settlement Class and you will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot sue, continue to sue, or be part of any lawsuit against TracFone or the other Released Parties asserting a "Released Claim," as defined below. It also means that the Court's Order approving the settlement and the judgment in this case will apply to you and legally bind you.

"Released Claims" means any and all claims or causes of action, whether known or unknown, claims, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature, and character, known and unknown, including without limitation, negligence, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute or common law duty, any federal, state, or local statutory or regulatory claims, including, but not limited to, those pursuant to consumer protection laws, unfair and deceptive trade practice laws, and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, and expenses, prejudgment interest, credit

monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that any Settlement Class Member has, has asserted, could have asserted, or could assert that concern, refer or relate to the Data Security Incident, and all other claims arising out of that Data Security Incident, that were asserted, or that could have been asserted, in the Action.  You are also expressly waiving all rights under California Civil Code section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

"Released Parties" means TracFone its parents, subsidiaries, divisions and affiliates, predecessors, successors, and all of their present and former principals, officers, directors, employees, customers, agents, attorneys, representatives, insurers, re-insurers, and legal representatives.

**When Will the Court Decide Whether to Approve the Settlement?**
The Court will hold a Final Approval Hearing on **[Date] at XX:XX A.M./P.M.** at Daniel Partick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007. At that hearing, the Court will determine the overall fairness of the settlement, hear objections, and decide whether to approve the requested attorneys' fees and expenses, and settlement administration costs. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXX.com and the Court's docket for updates.

**How Do I Get More Information?**
For more information, go to www.XXXXXXXXX.com, or call the Settlement Administrator at 1-XXX-XXX-XXXX. You may also write to the Settlement Administrator via mail to [address] or via email  [email address]

7

**EXHIBIT E**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARREN BARCOMB, DAVID SETTERS, CHARISE CARLSON, JAYNE COLE, JOSHUA DAVIS, RAVEN HARDEN, AND MICHAEL BROADUS, individually and on behalf of others similarly situated,<br><br>                                   Plaintiffs,<br><br>v.<br><br>TRACFONE WIRELESS, INC.,<br><br>                                   Defendant. | Civil Action No. 1:24-cv-08710<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion"). Plaintiffs Darren Barcomb, David Setters, Charise Carson, Jaynae Cole, Joshua Davis, Raven Harden, and Michael Broadus ("Plaintiffs" or "Class Representatives"), individually and on behalf of the proposed Settlement Class, and Defendant TracFone Wireless, Inc. ("Defendant" or "TracFone" and, together with Plaintiffs, the "Parties") have entered into a Settlement Agreement and Release, dated November 13, 2024 ("Settlement Agreement"), that, subject to the Court's approval and final hearing on the matter, will resolve this lawsuit.

Having considered the Motion, the Settlement Agreement and all corresponding and supporting documents attached thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.     Unless otherwise defined herein, all terms capitalized herein shall have the same definitions ascribed to them as in the Settlement Agreement.

2.     The Court retains continuing and exclusive jurisdiction over this litigation, including Class Representatives, Defendant, and Settlement Class members, and all matters arising

out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

## **Preliminary Approval**

3.     The Court has carefully reviewed all the terms of the proposed Settlement Agreement, all corresponding and supporting documents attached thereto, Plaintiffs' Motion and corresponding papers filed therewith, including the declaration of counsel and the Claims Administrator. Based on its review of these documents, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and the result of vigilant, informed, non-collusive arms'-length negotiations. The Court further finds that the Settlement Agreement is the result of informal discovery and the terms of the Settlement Agreement fall within the range of possible approval.

4.     The Court hereby GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## **Preliminary Certification of Settlement Class**

5.     The Court preliminarily certifies, for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class defined in the Settlement Agreement as follows:

**Settlement Class:**

**All persons who were affected by the Data Security Incident.**

Specifically excluded from the Settlement Class are: (i) Defendants' officers and directors at the time of the signing hereof; (ii) any entity in which Defendants have a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendants. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. The Settlement Class is estimated to include

approximately eight thousand (8,000) individuals, respectively (the "Settlement Class Members").

6.    The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (1) the Settlement Class is sufficiently numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the Settlement Class, (3) the Class Representatives' claims are typical of the Settlement Class members, and (4) the Class Representatives fairly and adequately protect the interests of the Settlement Class.

7.    The Court hereby appoints Darren Barcomb, David Setters, Charise Carson, Jaynae Cole, Joshua Davis, Raven Harden, and Michael Broadus as the Class Representatives of the Settlement Class.

8.    The Court hereby appoints Mason Barney and Tyler Bean of Siri & Glimstad LLP as Settlement Class Counsel.

## Notice and Administration

9.    Pursuant to the Settlement Agreement, the parties have designated Kroll Settlement Administration ("Kroll") as the Claims Administrator. Kroll shall perform all duties necessary for notice and administration as set forth in the Settlement Agreement. Pursuant to the Settlement Agreement, Kroll will make important documents, such as the Settlement Agreement and Claim Form (which Settlement Class members have the option to submit online), accessible on the settlement website.

10.    The Court finds that the Class Notice plan as set forth in the Settlement Agreement satisfies the requirements of due process and provides the best notice practicable under the circumstances pursuant to Federal Rule of Civil Procedure 23(e)(1). The Class Notice plan is reasonably calculated to inform the Settlement Class members of the nature of the litigation, the

terms and conditions of the Settlement Agreement, the right of Settlement Class members to object to the Settlement Agreement or exclude themselves from the Settlement Class, including instructions about the process for doing so, and the Final Approval Hearing details. The Court approves the Class Notice plan, including the Claim Form, and directs the Claims Administrator and the parties to proceed with providing Notice to the Settlement Class as set forth in the Settlement Agreement and this Order.

**Settlement Class Member Exclusions and Objections**

11.      Settlement Class members who request to opt-out and exclude themselves from the Settlement Class must do so by notifying the Claims Administrator in writing. To be valid, the opt-out request must be mailed to the Claims Administrator no later than 60 days after the Notice Date, must be in writing and must state the name, address, and phone number of the person seeking exclusion, and must contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the Tracfone lawsuit." Settlement Class members who submit a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement. Any Settlement Class member who does not submit a timely request for exclusion in accordance with the Settlement Agreement will forfeit the opportunity to be excluded from the settlement and will be bound by the Settlement Agreement upon entry of the Final Judgment and Order.

12.      Settlement Class members who wish to object to the Settlement Agreement must do so by submitting a written objection to the Claims Administrator in accordance with the procedures outlined in the Class Notice and this Order, filed or postmarked no later than 60 days after the Notice Date and must include the following information:

(i)      The name of this proceeding (*Barcomb, et al. v. TracFone Wireless, Inc.*, No. 1:24-cv-08710 or similarly identifying words such as TracFone Data Breach Lawsuit);

(ii)     the Settlement Class member's name, address, and telephone number;

(iii)    all legal and factual bases for any objection;

(iv)    copies of any documents that the Settlement Class member wants the Court to consider;

(v)     the identity of the objector's attorney, if any; and

(vi)    should the Settlement Class member or their attorney wish to appear at the Final Approval Hearing, the Settlement Class member must so state, and must identify any documents or witnesses the Settlement Class member intends to submit, or call, on his or her behalf.

13.    Any Settlement Class member who does not timely submit a written objection pursuant to the procedures outlined above and the procedures detailed in the Class Notice and Settlement Agreement waives the right to object or be heard at the Final Approval Hearing, shall be forever barred from making any objection to the Settlement Agreement, and will be bound by the Settlement Agreement upon entry of the Final Judgment and Order.

### Final Approval Hearing

14.    The Court will hold a Final Approval Hearing on _____, ____ at _____ [a.m./p.m.], in Courtroom 21A of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007.

15.    At the Final Approval Hearing, the Court will review, and rule on, the following issues:

a.    Whether this matter should be finally certified as a class action for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3);

b.    Whether the settlement should be approved as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e);

c.    Whether this lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

d.    Whether the Settlement Class members should be bound by the releases set forth in the Settlement Agreement;

e.    Whether the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved under Fed. R. Civ. P. 23(h); and

f.    Any other issues the Court deems appropriate.

16.    Settlement Class members do not need to attend the Final Approval Hearing, nor take any other action to indicate their approval of the proposed Settlement Agreement (besides submitting the aforementioned Claim Form). However, any Settlement Class members who wish to be heard must appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class members.

**Settlement Administration Timeline, Injunction, and Termination**

17.    To facilitate the timely administration of this case, the Court hereby sets the following schedule:

| Event | Deadline |
|---|---|
| Defendant and Class Counsel to provide Settlement Class member data to the Claims Administrator | 10 days after entry of this Order |
| Last day for Claims Administrator to mail Settlement Notice to Settlement Class Members (the "Notice Date") | 45 days after entry of this Order |
| Last day for Settlement Class Members to submit Claim Forms | 90 Days from the Notice Date |
| Deadline to Submit Motion for Attorneys' Fees, and Costs | At Least 14 Days Before the Objection Deadline |
| Deadline to Object and Comment on the Settlement | 60 Days from the Notice Date |
| Deadline to Submit Request for Exclusion | 60 Days from the Notice Date |
| Final Approval Hearing | _____, ____ at _____ [a.m./p.m.] |

18.     All proceedings and deadlines in this matter, except those required to implement this Order and the Settlement Agreement, are hereby stayed and suspended until further order from the Court.

19.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (1) the Settlement Agreement and this Order shall become null and void and shall be without prejudice to the rights of the parties, shall have no further force or effect, and shall not be used in this litigation or any other proceedings for any purpose other than as necessary to enforce the terms of the Settlement Agreement that survived termination, (2) this litigation will revert to the status that existed before the Settlement Agreement was executed, and (3) no term(s) or draft(s) of the Settlement Agreement or any part of the settlement discussions, negotiations, or documentation of any kind, related to the Settlement Agreement, whatsoever, shall (a) be admissible into evidence for any purpose in this litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survived termination, (b) be deemed an admission or concession by any settling party regarding

7

the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (c) be deemed an admission or concession by any of the parties regarding the truth or falsity of any facts alleged in the litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED.**

DATED: _____, 2025    _____

HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

8