UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARREN BARCOMB, DAVID SETTERS, CHARISE CARLSON, JAYNE COLE, JOSHUA DAVIS, RAVEN HARDEN, AND MICHAEL BROADUS, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>TRACFONE WIRELESS, INC.,<br><br>                    Defendant. | Civil Action No. 1:24-cv-08710 |

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT BETWEEN PLAINTIFFS AND TRACFONE WIRELESS, INC., CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL, APPROVING NOTICE PROGRAM AND PRELIMINARILY APPROVING PLAN OF DISTRIBUTION

WHEREAS, this cause by Plaintiffs Darren Barcomb, David Setters, Charise Carson, Jaynae Cole, Joshua Davis, Raven Harden, and Michael Broadus (each a "Plaintiff" and collectively "Plaintiffs") through their Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support (the "Motion").

WHEREAS, this matter arises from a data security incident that compromised the security of personal identifying information ("PII") belonging to Plaintiffs' and thousands of similarly situated current and former customers of Defendant TracFone Wireless, Inc. ("Defendant" or "TracFone"), and its brands, Straight Talk Wireless, Simple Mobile, Net10 Wireless, Walmart Family Mobile, and Total Wireless;

WHEREAS, according to Plaintiffs this security incident, which took place in late 2021, was unusual because it included customer proprietary network information (the "Data Security

Incident"), which criminals then used to engage in widespread "port-out frauds" where the criminal uses the stolen information to transfer a victim's cell phone number to a different cell phone carrier stopping the victim's from working, and the criminal's phone is assigned the victim's phone number;

WHEREAS, the Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, the Declaration of Mason A. Barney ("Barney Declaration") and exhibits thereto, as revised, the Plan of Distribution, the Declaration of Patrick M. Passarella, and the file, and finding that substantial and sufficient grounds exist for entering this Order;

WHEREAS, the Court preliminarily finds that the proposed Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class based on the following:

(1)    Plaintiff and Lead Counsel have adequately represented the Settlement Class;

(2)    the proposed Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel;

(3)    the relief provided by the Settlement is adequate pursuant Rule 23(e)(3) considering: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (iii) the application for attorneys' fees and reimbursement of costs; and (iv) the other terms of the Settlement Agreement between the parties; and

(4) the Settlement treats Settlement Class Members equitably relative to each other and to the claims against TracFone.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**PRELIMINARY APPROVAL OF THE SETTLEMENT**

1. The Settlement is hereby preliminarily approved, subject to final Court approval pursuant to Federal Rule of Civil Procedure 23 following a hearing to be held by the Court, on notice to the Settlement Class (defined below), to determine whether the Settlement is reasonable, adequate, and fair to the Settlement Class ("Fairness Hearing"), as discussed below. The Court finds that the Settlement was entered into at arm's length by experienced counsel and it is sufficiently within the range of reasonableness that notice of the Settlement should be given to the members of the Settlement Class as provided in this Order.

**CERTIFICATION OF THE SETTLEMENT CLASS**

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for conditional certification have been met and certifies the following class for settlement purposes only (the "Settlement Class"):

**All persons who were affected by the Data Security Incident**.[1]

3. The Court finds that the certification of the Settlement Class is warranted in light of and solely for the purpose of the Settlement because (a) the Settlement Class is so numerous

---

[1] As specified in the Settlement Agreement, the Settlement Class excludes: (i) TracFone's officers and directors at the time of the signing hereof; (ii) any entity in which Defendant has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

that joinder is impracticable; (b) the claims of Plaintiffs (defined below) present common issues and are typical of the claims of the Settlement Class; (c) Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds that approval of the Settlement on a class basis is superior to other means of resolving this matter.

4. The Court hereby appoints Mason Barney and Tyler Bean of Siri & Glimstad LLP as counsel for the Settlement Class ("Settlement Class Counsel"), having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5. The Court hereby appoints Darren Barcomb, David Setters, Charise Carson, Jaynae Cole, Joshua Davis, Raven Harden, and Michael Broadus ("Plaintiffs") to serve as representatives of the Settlement Class.

6. A Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on **Tuesday, September 16, 2025 at 11:30 A.M.**, in a format to be determined by the Court that the Court will announce on the case docket in advance of the hearing, for the following purposes:

    a. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    b. to finally determine whether the Final Judgment and Order as provided under Paragraph 15 of the Settlement and attached as Exhibit F thereto should be entered, dismissing the operative Complaint by the Plaintiffs on the merits and with prejudice as to TracFone and to determine whether the release by the Settlement Class of the Released Parties as set forth in the Settlement Agreement, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlement;

    c. to finally determine whether the Claims Payments plan set forth in the Settlement is fair and reasonable and should be approved by the Court;

    d. to consider the Motion for Attorneys' Fees, Costs, and Expenses;

    e. to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Fairness Hearing by Settlement Class Members (or by counsel on their behalf); and

    f. to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter its Final Judgment and Order, approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Claims Payment plan or awarded Class

5

Counsel Payment.

## **NOTICE TO POTENTIAL CLASS MEMBERS AND PLAN OF DISTRIBUTION**

8.  The Court approves the form, substance and requirements of (a) the Long Notice, (b) the Short Notices, and (c) the Claim Form, all of which are exhibits to the joint letter from the Parties dated March 7, 2025 ("Letter").

9.  Class Counsel is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement or such other acts that are reasonably necessary to consummate the Settlement.

10. The Court approves Kroll Settlement Administrators as the Claims Administrator.

11. Plaintiffs' Counsel, through the Claims Administrator, shall cause the Short Form and Email Notice, substantially in the form annexed to the Letter, to be mailed, by first class mail, postage prepaid, or emailed, within forty-five (45) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator.

12. The Claims Administrator shall, at or before the Fairness Hearing, serve upon TracFone's Counsel, and file with the Court, proof of mailing of the notice, to Settlement Class Members.

13. The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; constitute the best notice practicable under the circumstances;

6

and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14. In order to be entitled to compensation from the Settlement, each Settlement Class Member shall take the following action and be subject to the following conditions:

   a. A properly completed and executed Claim Form must be submitted to the Claims Administrator no later than ninety (90) calendar days after the Notice Date, unless further extended by Order of the Court. Each proof of claim shall be deemed to have been submitted when electronically submitted or legibly postmarked (if properly addressed and mailed by first-class mail), provided such Claim Form is actually received before the end of the Claims Period. Any proof of claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator, either electronically or at the address designated in the notices.

   b. The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for out-of-pocket losses as is deemed adequate by the Claims Administrator; (iii) if the person

      executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the Settlement Class Member must be provided with the Claim Form; and (iv) the Claim Form must be complete, contain an attestation as set forth in Section 3 of the Settlement, and contain no material deletions or modifications of any of the printed matter contained therein.

    c. Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

    d. For the filing of and all determinations concerning their Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court.

15. All Settlement Class Members who do not submit a valid and timely Claim Form will be forever barred from receiving any payments out of this Settlement, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement and the Order and Final Judgment, if entered.

16. Settlement Class Members shall be bound by all determinations and judgments in the Settlement, whether favorable or unfavorable, unless such persons request exclusion from the

Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is postmarked no later than sixty (60) calendar days after the Notice Date (the "Exclusion and Objection Date"), to the addresses listed in the notices. Such request for exclusion shall clearly indicate the name, address, phone number and e-mail (if any) of the person seeking exclusion, state in sum and substance: "I request to be excluded from the Settlement Class in the TracFone lawsuit", and must be signed by such person. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

17. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment under the Settlement.

18. The Court will consider comments and/or objections to the Settlement, the Class Notice plan, or the Motion for Attorneys' Fees, Costs, and Expenses only if such comments or objections and any supporting papers are publicly filed with the Court by or before the Exclusion and Objection Date and served upon each of the following:

*Counsel for Plaintiffs and the Settlement Class*

> Mason Barney
> Tyler Bean
> **SIRI & GLIMSTAD LLP**
> 745 Fifth Ave, Suite 500

9

  New York, NY 10151

*TracFone Counsel*

  John Delionado
  Samuel Danon
  Maria Castellanos Alvarado
  **HUNTON ANDREWS KURTH LLP**
  Wells Fargo Center
  333 SE 2nd Avenue, Suite 2400
  Miami, FL 33131

and the objector has (by that same date) filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. To be considered valid, the written notice of Objection postmarked by or before the Exclusion and Objection Date must include: (1) the title of the case; (2) the Settlement Class Member's name, address, telephone number, and email; (3) all legal and factual bases for any objection; (4) copies of any documents that the Settlement Class Member wants the Court to consider, and (5) the identity of the objector's attorney, if any, along with the attorney's contact information. Attendance at the Fairness Hearing is not necessary, but persons wishing to be heard orally in opposition to the Settlement and/or the Motion for Attorneys' Fees, Costs, and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness

Hearing. Settlement Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

19.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment and Order to be entered approving the Settlement, and Motion for Attorneys' Fees, Costs, and Expenses.

20.     All papers in support of any Motion for Attorneys' Fees, Costs, and Expense shall be filed and served fourteen (14) calendar days before the Exclusion and Objection Date. All other papers in support of the Settlement, including any motion for final approval, must be filed with the Court at least fourteen (14) calendar days before the Fairness Hearing.

**SETTLEMENT ADMINISTRATION TIMELINE, INJUNCTION, AND TERMINATION**

21.     To facilitate the timely administration of this case, the Court hereby sets the following schedule:

11

| Event | Deadline |
|---|---|
| Defendant and Class Counsel to provide Settlement Class member data to the Claims Administrator | 10 days after entry of this Order |
| Last day for Claims Administrator to mail Settlement Notice to Settlement Class Members (the "Notice Date") | 45 days after entry of this Order |
| Last day for Settlement Class Members to submit Claim Forms | 90 Days from the Notice Date |
| Deadline to Submit Motion for Attorneys' Fees, and Costs | At Least 14 Days Before the Objection Deadline |
| Deadline to Object and Comment on the Settlement | 60 Days from the Notice Date |
| Deadline to Submit Request for Exclusion | 60 Days from the Notice Date |
| Final Approval Hearing | **Tuesday, September 16, 2025 at 11:30 A.M.** |

22. The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

23. In the event that the Settlement is terminated in accordance with its provisions, the respective Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement and without prejudice to the *status quo ante* rights of Plaintiffs, TracFone, and the members of the Settlement Class.

24. All proceedings in the action are stayed until further order of the Court. Such stay does not apply, however, to actions to implement or comply with the terms of the Agreement. Pending final determination of whether the Agreement should be approved, neither Plaintiffs nor

any member of the Settlement Class shall commence or prosecute any action alleging any Released Claim against Defendant or any other released party

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement

**IT IS SO ORDERED.**

DATED: March 27, 2025

_____
HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE