# Siri | Glimstad

NEW YORK | LOS ANGELES | MIAMI
PHOENIX | DETROIT | DENVER | AUSTIN

745 Fifth Ave, Suite 500, New York, NY 10151
sirillp.com | P: (212) 532-1091 | F: (646) 417-5967

September 8, 2025

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 21A
Southern District of New York
New York, NY 10007

Re: ***Barcomb, et al. v. TracFone Wireless, Inc.*, Case No. 1:24-cv-08710**

Dear Judge Buchwald:

We represent Plaintiffs in the above-referenced action against Defendant TracFone Wireless, Inc. ("TracFone" or "Defendant"). We respectfully submit this letter pursuant to Rule 2(A)-(B) of your Honor's Individual Rules of Practice so that Plaintiffs may seek to file a supplemental declaration from the Settlement Administrator regarding their fraud prevention measures under seal.

"Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's or non-party's competitive standing.'" *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)(quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Cumberland Packing Corp. v. Monstanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.").

As courts across the country have recognized, non-parties have a strong interest in not having their materials be freely disclosed to the public when the specifically requested material is produced in litigation to be kept confidential. *See, e.g., United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-80 (2d Cir. 1990)); *see also In re Savitt/Adler Litig.*, No. 95-CV-1842, 1997 U.S. Dist. LEXIS 23671, at *10 (N.D.N.Y. Dec. 23, 1997) (nonparties' privacy interests comprise a "strong factor weighing against disclosure of their identities").

Here, Kroll Settlement Administration ("Kroll"), a non-party, specifically requests in its Declaration that "the Court allow for the filing under seal of a supplemental declaration regarding procedures and policies for fraud detection and prevention" (*See* Kroll Declaration at ECF No. 20,

¶25.), as specific details regarding their anti-fraud efforts are discussed and, if disclosed, will undermine their ability to combat fraudulent claim submissions by providing insight into the methods and techniques employed by Kroll.

For the foregoing reasons, Plaintiffs ask that the Court permit them to file the Settlement Administrator's Supplemental Declaration Regarding Fraud Prevention Measures in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement under seal.

```
Application granted.
So ordered.
```

*[Signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

```
Dated: New York, New York
       September 9, 2025
```

Sincerely,

/s/ Mason A. Barney
Mason A. Barney, Esq.
SIRI & GLIMSTAD LLP
mbarney@sirillp.com
*Attorney for Plaintiffs and Proposed Class Counsel*

Cc: All counsel of record via ECF

2