UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN BARCOMB, DAVID
SETTERS, CHARISE CARSON,
JAYNAE COLE, JOSHUA DAVIS,
RAVEN HARDEN and MICHAEL
BROADUS, on behalf of themselves and all
others similarly situated,

                         Plaintiffs,

v.

TRACFONE WIRELESS, INC.,

                         Defendant.

Case No. 1:24-cv-08710-NRB

## [PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and Class Counsel's supplemental briefing supporting the same. The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees ("Fee Application").

Having reviewed and considered the Settlement Agreement, Fee Application, and the Supplemental Motion for Final Approval, and having conducted both a Final Approval Hearing and Continued Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

WHEREAS, on March 27, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF 13) which, among other things: (a) provisionally certified this matter as a class action, including defining the

1

Settlement Class; (b) appointed Plaintiffs Darren Barcomb, David Setters, Charise Carson, Jaynae Cole, Joshua Davis, Raven Harden, and Michael Broadus as the Settlement Class Representatives and appointed Mason Barney and Tyler Bean of Siri & Glimstad LLP as Class Counsel; (c) preliminarily approved the  Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set procedures and deadlines for opt-outs from and objections to the Settlement; (e) approved the appointment of the Settlement Administrator; (f) preliminarily approved a plan for the distribution of Settlement benefits; and (g) set the date for the Final Approval Hearing;

**WHEREAS**, on May 12, 2025, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing and Continued Final Approval Hearing;

**WHEREAS**, on September 16, 2025, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice;

**WHEREAS**, during the September 16, 2025, Final Approval Hearing, the Court noted that it wanted to see the final figures regarding Claims in order to make a judgment as to the fairness, reasonableness, and adequacy of the Settlement;

**WHEREAS**, Class Counsel, worked with the Settlement Administrator and counsel for Defendant, to conclude the Settlement Administration process and sought to provide the information requested by the Court during the September 16, 2025, Final Approval Hearing;

2

**WHEREAS,** Class Counsel submitted to the Court a letter outlining the Settlement Administrator process remaining, as well as setting a renewed schedule for the Settlement Administrator to fully review the Claims, timeline for Settlement Class Members to object to the Settlement, Class Counsel's supplemental briefing, and setting a date and time for the Continued Final Approval Hearing;

**WHEREAS,** Class Counsel submitted their supplemental briefing and figures on January 23, 2026, and the Court set a Continued Final Approval Hearing Date for February 3, 2026;

**WHEREAS,** the Court conducted the Continued Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice;

**WHEREAS,** the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing and Continued Final Approval Hearing in support of or in opposition to the proposed Settlement and the Fee Application, including attorneys' fees, costs, and expenses to Class Counsel;

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement;

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class; and

3

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant at both Final Approval Hearings, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the Fee Application made by Class Counsel for attorneys' fees, costs, and expenses, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Class Action Complaint against Defendant TracFone Wireless, Inc. ("TracFone" or "Defendant," and together with Plaintiffs, the "Parties"), related to an incident in which on or before December 2021, unknown hackers gained access to the PII and CPNI of approximately 8,000 of TracFone's current and former customers, which allowed these hackers to utilize the PII and CPNI to imitate the victim and have Tracfone transfer the victim's mobile phone numbers to other mobile phone service providers (the "Data Security Incident").

3. The Settlement does not constitute an admission of liability or wrongdoing by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words contained in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Approval Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement, and, for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

**All persons who were affected by the Data Security Incident**.

Specifically excluded from the Settlement Class are: (i) Defendant's officers and directors at the time of the signing of the Settlement Agreement; (ii) any entity in which Defendant has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

6.      The Settlement was entered into in good faith following arm's length negotiations after years of hard-fought litigation and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the potential arbitration issues and any outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a. Claims administration as outlined in the Settlement Agreement whereby Participating Settlement Class Members had the ability to submit Claims that were evaluated by a Settlement Administrator.

b. Defendant to pay all costs of Settlement Administration pursuant to the terms of the Settlement Agreement, including the cost of the Settlement Administrator, instituting Notice, processing and administering Claims, and preparing and mailing checks.

c. Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel pursuant to the terms of the Settlement Agreement, as set forth in the Fee Application.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rules of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing and Continued Final Approval Hearing, and Plaintiffs' Fee Application have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

6

9.      The Court finds that the Notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best Notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient Notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Participating Settlement Class Members' right to object to the Settlement and/or the Fee Application and to appear at the Final Approval Hearing and Continued Final Approval Hearing, and of Settlement Class Members' right to exclude themselves from the Settlement, and such Notice program satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10.     The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out deadline, one potential Settlement Class Members has requested to be excluded from the Settlement. A list of those who have opted-out of the Settlement is attached hereto as **Exhibit A**.

12.     All Settlement Class Members who have not requested to be excluded from the Settlement in the manner provided in the Settlement Agreement and in the Preliminary Approval Order are deemed to be Participating Settlement Class Members and shall be bound by the terms of the Settlement and by all proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and in this Final Approval Order and Judgment.

13.     As of the extended Objection Deadline, only one Settlement Class members have filed an objection to either the Settlement or Plaintiffs' Fee Application, which was addressed in the original Motion for Final Approval of Class Action Settlement.

14.     The Court has considered all the documents filed in support of the Settlement, including the information in Class Counsel's supplemental briefing, and has considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing and Continued Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15.     All Participating Settlement Class Members who have not objected to the Settlement or the Fee Application in the manner provided in the Settlement Agreement and in the Preliminary Approval Order are deemed to have waived any objections by appeal, collateral attack, or otherwise, and shall be forever barred from challenging or opposing, or seeking to reverse, vacate, or modify the Preliminary Approval Order, this Final Approval Order and Judgment and all other orders approving the Settlement Agreement and/or the Fee Application.

16.     The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

17.     Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

18.     Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various Participating Settlement Class Members holding Approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

19.     All Participating Settlement Class Members who have failed to submit an Approved Claim, as determined by the Settlement Administrator in accordance with the terms of the Settlement Agreement, shall be forever barred from receiving any Settlement benefits, but will in all other respects be subject to and bound by the terms of the Settlement and by all proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and in this Final Approval Order and Judgment.

20.     Pursuant to and as further described in the Settlement Agreement, the Settlement Class Representatives and the Participating Settlement Class Members and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns are deemed by operation of the Settlement Agreement and this Final Approval Order and Judgment to have forever fully, finally, completely, and unconditionally released, discharged, and acquitted TracFone and the other Released Parties from any and all Released Claims, and are deemed to have also released Unknown Claims, and TracFone is deemed by operation of the Settlement Agreement and this Final Approval Order and Judgment to have forever fully, finally, completely, and unconditionally released, discharged, and acquitted the Settlement Class Representatives, Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, successors, and assigns from any and all claims arising out of the institution, prosecution, maintenance, resolution, and settlement of the Action (including the Settlement), and are deemed to have also released Unknown Claims, as follows:

> Upon the Effective Date, Plaintiffs named in this Settlement Agreement and every Settlement Class Member (except those who timely opt out), for themselves, their attorneys, beneficiaries, executors, representatives, heirs, successors, and assigns, or anyone else claiming through them, in consideration of the relief set forth in this Settlement Agreement, fully and finally release Defendant, its parents, subsidiaries, divisions and affiliates, predecessors, successors, and all of their present and former principals, officers, directors, employees, customers, agents, attorneys, representatives, insurers, re-insurers, and legal representatives from any and all claims or causes of action, whether known or

unknown, claims, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature, and character, known and unknown, including without limitation, negligence, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute or common law duty, any federal, state, or local statutory or regulatory claims, including, but not limited to, those pursuant to consumer protection laws, unfair and deceptive trade practice laws, and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, and expenses, prejudgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that any Settlement Class Member has, has asserted, could have asserted, or could assert that concern, refer or relate to the Data Security Incident, and all other claims arising out of that Data Security Incident, that were asserted, or that could have been asserted, in the Action.

21. The Court grants final approval to the appointment of Plaintiffs Darren Barcomb, David Setters, Charise Carson, Jaynae Cole, Joshua Davis, Raven Harden, and Michael Broadus as Settlement Class Representatives. The Court concludes that Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

22. The Court grants final approval to the appointment Mason Barney and Tyler Bean of Siri & Glimstad LLP as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

23. The Court, after careful review of the Fee Application filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees, costs, and expenses in the amount of $1,400,000. Payment shall be made pursuant to the terms of the Settlement Agreement.

24. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or

10

any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Class Counsel, or Participating Settlement Class Members seeking to enforce the Settlement Agreement or this Final Approval Order and Judgment (including, but not limited to, enforcing the releases contained therein and herein). The Settlement Agreement and this Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to the Released Claims set forth in the Settlement Agreement and this Final Approval Order and Judgment that are maintained by, or on behalf of, any Participating Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

25. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason or if the Settlement Agreement is terminated in accordance with its terms, this Final Approval Order and Judgment and the Preliminary Approval Order, including any provisional or final certification of the Settlement Class provided herein or therein, shall be deemed vacated, and shall have no force or effect whatsoever; the Settlement Agreement and all of the Parties'

11

obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall be considered null and void; the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc; and the Parties shall be restored to their respective positions and status in the Action as of the date the Settlement Agreement was executed, as if the Parties never entered into the Settlement Agreement and as though the Settlement Class had never been certified (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement Class and Settlement Administration, and will not, at any time, seek recovery of same from any other Party to the Action or from counsel to any other Party to the Action.

26.     Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994) and the Parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

27.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

28.     This Final Approval Order and Judgment resolves all claims against all Parties in this Action and is a final order.

12

29.    The matter is hereby dismissed with prejudice and without costs except as provided

in the Settlement Agreement.

SO ORDERED THIS **3d** DAY OF _February_ , 2026.

Hon. Naomi Reice Buchwald
United State District Court Judge